**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

IVEN CORNELIUS CRUSE, *

Plaintiff, *

v. * Civil Action No. SAG-22-521

BRIAN FROSH, *et al.*, *

Defendants. *

***

**MEMORANDUM OPINION**

Self-represented Plaintiff Iven Cornelius Cruse, an inmate currently incarcerated at Dorsey Run Correctional Facility in Jessup, Maryland, filed suit against former Maryland Attorney General Brian Frosh, Jessup Correctional Institution ("JCI") Warden Bettie Harris, JCI Officers Collins Sanni, Isaac Asuelimen, Babatunde Abidogun, Alain Choutedjem,[1] and Department of Public Safety and Correctional Services ("DPSCS") Commissioner Wayne Hill (collectively, the "Correctional Defendants"), as well as Emmanuel Esianor, P.A. ECF No. 1. In the Complaint, Cruse claims that the JCI officers used excessive force against him, and Defendant Esianor subsequently denied him medical care in violation of the Eighth Amendment to the United States Constitution. *Id.* at 2-3. He seeks injunctive relief and monetary damages. *Id.* at 3.

On May 23, 2022, Esianor filed a Motion to Dismiss or, Alternatively, for Summary Judgment. ECF No. 10. The Correctional Defendants filed a similarly titled motion on October 4, 2022, arguing in pertinent part that Cruse failed to exhaust administrative remedies. ECF No. 36. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court informed Cruse that the failure to file a response in opposition to Defendants' motions could result in dismissal of

[1] The Clerk shall be directed to amend the docket to reflect the full and correct names of the Correctional Defendants. As Defendant "Sulaman" has been properly identified as Isaac Asuelimen, any claims brought against Sulaman shall be dismissed.

his Complaint or a judgment in favor of Defendants. ECF Nos. 13, 37. Cruse responded to Esianor's motion (ECF No. 20), and Esianor replied (ECF No. 23). Cruse then filed a "Motion to Receive Discovery on All Defendants" (ECF No. 39), which he later supplemented (ECF Nos. 40, 43). Cruse also opposed the Correctional Defendants' motion. ECF Nos. 41, 42, 48.

A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Esianor's dispositive motion, construed as a Motion for Summary Judgment, shall be granted and the Correctional Defendants' motion shall be denied without prejudice. The Correctional Defendants will be directed to respond to Cruse's Motion for Discovery and to file a responsive pleading that addresses the substance of Cruse's excessive force claim.

**Background**

Cruse claims that on September 23, 2021, while he was incarcerated at JCI, he was in line to receive his medication when Officer Abidogun directed him to turn around and leave. Compl., ECF No. 1 at 2. Cruse found himself surrounded by Officers Sanni, Choutedjem, and Asuelimen when Officer Abidogun handcuffed him and accused him of "swallowing something." *Id.* The officers then forced Cruse to go to the "compound shack" where they "beat" him while he was handcuffed. *Id.* Officer Choutedjem kneed Cruse in the chest, and Officer Sanni slapped him in the face and tried to break his left thumb, while Officers Asuelimen and Abidogun held him down. *Id.* at 2-3.

Cruse alleges that following the incident, Defendant Esianor denied him medical visits, "claiming there's nothing he could do" and that Cruse would "just have to heal." ECF No. 1-1 at 1. At the time he filed the instant Complaint, Cruse still suffered pain in his hand, wrists, left thumb, and chest. *Id.* at 2.

According to Esianor, Cruse submitted a sick call request on September 25, 2021,

complaining that he had been assaulted and had several bruises and scars, pain on his hand, wrist, and right leg, as well as a broken left hand. Med. Records, ECF No. 10-4 at 3. On the same day, he was evaluated by a nurse, who noted swelling on Cruse's left hand and superficial bruising on both wrists. *Id.* at 4. Cruse was unable to wiggle his left fingers or make a fist but exhibited no discoloration. *Id.* The nurse issued Tylenol and referred Cruse to a provider for further evaluation. *Id.*

Later that day, a nurse practitioner ("NP") saw Cruse, who stated that he did not seek medical care on the date of alleged assault because he did not wish to be placed in segregation. *Id.* at 7-8. The NP noted some inflammation and bruises on Cruse's hands with greater abnormalities on the left than the right. *Id.* The NP advised Cruse to apply compression to his left hand and ordered an x-ray. *Id.* Two days later, Cruse received an x-ray of his left hand, which showed no evidence of an acute fracture, dislocation, or subluxation, and no acute osseous abnormality. *Id.* at 11.

On October 4, 2021, Cruse submitted a sick call request complaining of a left thumb fracture. *Id.* at 63. Esianor reviewed the request and noted that Cruse was in segregation; therefore, Esianor, who was conducting general population sick call evaluations, was unable to see him. Decl. of Esianor, ECF No. 10-3 at ¶ 9. It was Esianor's belief that Cruse would be automatically scheduled for the next segregation sick call. *Id.*

On October 10, 2021, Cruse submitted another sick call request complaining of hand and wrist pain and seeking his X-ray results. ECF No. 10-4 at 19. Esianor does not recall being made aware of this sick call request. ECF No. 10-3 at ¶ 10.

On October 29, 2021 and November 7, 2021, Cruse submitted sick call requests seeking his x-ray results and a follow-up appointment. ECF No. 10-4 at 58-59. On November 10, 2021,

Esianor saw Cruse to discuss his x-ray results. *Id.* at 65-66. Esianor noted that the x-rays were unremarkable and instructed Cruse to continue his current medications, which included Naproxen (a nonsteroidal anti-inflammatory medication) and Robaxin (a muscle relaxer). *Id.* Esianor also advised Cruse to follow up with the medical department if his condition worsened or did not improve. *Id.*

On February 2, 2022, Cruse did not appear for a scheduled medical appointment with Esianor because he had been transferred to another correctional facility. *Id.* at 28-29.

Cruse reported the September 23, 2021 incident to supervisory officers, and he was placed on administrative segregation pending an Intelligence and Investigative Division ("IID") investigation. ECF No. 1-1 at 1. Cruse also filed a request for Administrative Remedy Procedure ("ARP"), which was procedurally dismissed due to the ongoing IID investigation. *Id.*; ECF No. 1-2 at 1, 11. Unhappy with the dismissal, Cruse filed a grievance with the Inmate Grievance Office ("IGO"). *See* IGO Review, ECF No. 48-2 at 47. In a "Preliminary Review" issued on October 6, 2022, the IGO Director noted that the IID investigation had since concluded, and it "determined that a sufficient dispute exists such that the issue raised . . . should be referred to the Office of Administrative Hearings for further proceedings [as to] whether the Grievant was unlawfully assaulted by the Correctional Officers at JCI on September 23, 2021." *Id.* at 49.

**Discussion**

**I. Correctional Defendants**

In his Complaint, Cruse alleges an Eighth Amendment excessive force claim against the Correctional Defendants. In their response, the Correctional Defendants preliminarily argue that dismissal is warranted because Cruse failed to exhaust administrative remedies. In particular, the Correctional Defendants note that "[s]ince the IGO had not yet rendered a final decision, the matter

before this court is not ripe for determination." ECF No. 36-1 at 8. As Cruse has exhibited, however, since the filing of the Correctional Defendants' motion, the IGO issued its decision regarding this matter. *See* ECF No. 48-2 at 47-49. As such, the Correctional Defendants' dispositive motion shall be denied without prejudice subject to refiling of a responsive pleading that addresses the merits of Cruse's excessive force claim. The Correctional Defendants will also be directed to respond to Cruse's Motion for Discovery.

## II. Esianor

### *A. Standard of Review*

Esianor's dispositive motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable

opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Adams Housing, LLC v. The City of Salisbury, Maryland*, 672 F. App'x 220, 222 (4th Cir. 2016) (per curiam).

The Fourth Circuit has articulated two requirements for proper conversion of a Rule 12(b)(6) motion to a Rule 56 motion: notice and a reasonable opportunity for discovery. *See Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt*., 721 F.3d 264, 281 (4th Cir. 2013). When the movant expressly captions its motion as one for summary judgment "in the alternative" and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth*., 149 F.3d 253, 261 (4th Cir. 1998). Cruse was provided such notice. He also received notification from the Clerk of Esianor's dispositive motion and had the opportunity to reply with exhibits and declarations and has done so. Thus, conversion of Esianor's motion to one for summary judgment is appropriate and this Court will consider the exhibits filed.

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)), *cert. denied*, 541 U.S. 1042 (2004).

The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). Because plaintiff is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat.*, 346 F.3d at 526 (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

***B. Deliberate Indifference***

Cruse claims that Esianor was deliberately indifferent to his medical needs, in violation of the Eighth Amendment, based on Esianor's alleged refusal to evaluate his left thumb. To state a claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants, or their failure to act, amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Anderson v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure it was available. *See Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994); *see also Heyer v. U.S. Bureau of*

*Prisons*, 849 F.3d 202, 209-10 (4th Cir. 2017); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). "A 'serious medical need' is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Heyer*, 849 F.3d at 210 (quoting *Iko*, 535 F.3d at 241); *see also Scinto v. Stansberry*, 841 F.3d 219, 228 (4th Cir. 2016).

After a serious medical need is established, a successful claim requires proof that the defendants were subjectively reckless in treating or failing to treat the serious medical condition. *See Farmer*, 511 U.S. at 839-40. "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844). The subjective knowledge requirement can be met through direct evidence of actual knowledge or through circumstantial evidence tending to establish such knowledge, including evidence "that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Scinto*, 841 F.3d at 226 (quoting *Farmer*, 511 U.S. at 842). While "a prisoner does not enjoy a constitutional right to the treatment of his or her choice, the treatment a prison facility does provide must nevertheless be adequate to address the prisoner's serious medical need." *De'lonta v. Johnson*, 708 F.3d 520, 526 (4th Cir. 2013).

"Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999); *see also Jackson*, 775 F.3d at 178

("[M]any acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference."). "[T]he Constitution is designed to deal with deprivations of rights, not errors in judgment, even though such errors may have unfortunate consequences." *Grayson*, 195 F.3d at 695-96; *see also Jackson*, 775 F.3d at 178 (describing the applicable standard as "exacting"). A mere disagreement between an inmate and a physician over the appropriate level of care does not establish an Eighth Amendment violation absent exceptional circumstances. *Scinto*, 841 F.3d at 225. Further, the inmate's right to treatment is "limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical necessity and not simply that which may be considered merely desirable." *United States v. Clawson*, 650 F.3d 530, 538 (4th Cir. 2011) (citing *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977)). Additionally, where the seriousness of the injury is not apparent, a delay in treatment does not violate the Eighth Amendment. *Brown v. Comm'r of Cecil Cty. Jail*, 501 F. Supp. 1124, 1126 (D. Md. 1980) (delay "does not violate the Eighth Amendment where the seriousness of the injury is not apparent").

Here, the record reflects that within two days of the alleged assault, Cruse was seen by both a nurse and a NP in the medical unit. Although both providers noted that Cruse exhibited swelling and bruising, an x-ray revealed that he suffered no fractures to his left hand and no acute abnormalities. Thus, Cruse cannot show that he had an objectively serious medical need that warranted Esianor's immediate attention.

In any event, even if Cruse satisfied the objective prong, he fails to prove that Esianor's response to his sick call requests was reckless or that Esianor failed to address his needs. As evidenced by the medical records, Esianor discussed Cruse's x-rays with him and noted that the results were unremarkable. Moreover, Esianor instructed Cruse to continue his current

medications and to follow up with the medical department if his condition worsened. Even though Esianor did not meet with Cruse until weeks after he first suffered the hand injury, such delay does not violate the Eighth Amendment as Cruse was not seriously injured. Nor does their disagreement over the appropriate level of care establish a constitutional violation.

On this record, Cruse has not shown that Esianor failed to make a sincere and reasonable effort to address his medical problem. In other words, Cruse has not presented facts that set forth a cognizable claim of deliberate indifference to a serious medical need. Thus, Esianor is entitled to summary judgment on this claim.[2]

**Conclusion**

For the foregoing reasons, Defendant Esianor's Motion to Dismiss or, Alternatively, for Summary Judgment, construed as a Motion for Summary Judgment, is granted. The Correctional Defendants' Motion to Dismiss or for Summary Judgment is denied without prejudice, subject to refiling of a responsive pleading that addresses the merits of Cruse's excessive force claim. The Correctional Defendants will also be directed to respond to Cruse's Motion for Discovery.

A separate Order follows.

March 21, 2023
Date

/s/
Stephanie A. Gallagher
United States District Judge

[2] To the extent Cruse raises state law claims of medical malpractice and negligence, the Court declines to exercise supplemental jurisdiction and thus will dismiss such claims without prejudice. *See* 28 U.S.C. § 1367(c)(3).